**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:** | |
| **DEBRA L. FELDMAN,** | **Chapter 7**<br>**Case No. 16-13432-JEB** |
| **Debtor** | |
| **JOHN O. DESMOND, TRUSTEE,** | |
| **Plaintiff** | |
| **v.** | **Adversary Proceeding**<br>**No. 21-01020-JEB** |
| **DEBRA L. FELDMAN AND DAVID FELDMAN, TRUSTEES OF THE ROBERTA G. NEWELL LIVING TRUST,** | |
| **Defendants** | |

**MEMORANDUM OF DECISION**

The Plaintiff, John O. Desmond, Chapter 7 Trustee ("Trustee") commenced this adversary proceeding against the defendants Debra L. Feldman and David Feldman in their capacity as trustees of the Roberta G, Newell Living Trust ("Newell Trust"), seeking an order pursuant to Section 363(h) of the Code to sell the interests of both the estate and the Newell Trust in the real property located at 250 Hammond Pond Parkway, Unit 1101-N, Chestnut Hill, Massachusetts ("Property"). This matter came before the Court on the Motion for Judgment on the Pleadings ("Motion") filed by the Trustee, seeking a judgment as a matter of law based on the pleadings. The Newell Trust opposed the Motion and filed a Cross-Motion for Judgment on the Pleadings ("Cross-Motion"), seeking a judgment as a matter of law in its favor.

For the reasons set forth below, the Court finds that pursuant to Section 363(h), the

Trustee is entitled to a judgment to sell both the interest of the estate and the interest of the Newell Trust in the Property under Section 363(b) of the Code The Court will grant the Motion and deny the Cross-Motion by separate order. The Court will also enter judgment in favor of the Trustee consistent with the rulings in this Memorandum.

This Memorandum of Decision constitutes the findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a), made applicable to this proceeding by Fed. R. Bankr. P. 7052. The findings set forth in this Memorandum are based on the record as a whole and may be supported portions of the record that are not specifically cited. Any finding of fact deemed a conclusion of law is adopted as such, and vice versa.

**JURISDICTION**

The Court has jurisdiction over this adversary proceeding since it arises under Section 363(h) of the Bankruptcy Code. 11 U.S.C. § 363(h). Pursuant to Section 1334(b) of title 28, the district courts have jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11," subject to exceptions not applicable here. 28 U.S.C. § 1334(b). By a standing order of reference in accordance with 28 U.S.C. § 157(a), the district court in this district has referred all cases under title 11 and any proceedings arising under, arising in, or related to cases under title 11, to the bankruptcy court. *See* 28 U.S.C. § 157(a). The selling or liquidation of real property is a core proceeding under. 28 U.S.C. § 157(b)(2)(N) and (O). Accordingly, the Court may hear and finally determine this matter.

**OVERVIEW AND BACKGROUND**

On September 2, 2016, the debtor, Debra Feldman ("Debtor"), commenced this bankruptcy proceeding under Chapter 7 of the Code. The Trustee was appointed Chapter 7 trustee of the bankruptcy estate. Since its inception, the bankruptcy case has involved extensive

litigation, with five different adversary proceedings, including this one. The Debtor and her family members, including her brother, David Feldman ("Feldman"), and her late mother, Roberta Newell ("Newell"), contested efforts by the Trustee to recover transfers made by the Debtor, repeatedly sought to have the bankruptcy case dismissed, and brought actions and claims against the Trustee and the principal creditor of the Debtor, H&R Block Eastern Enterprises, Inc. The extensive history of the bankruptcy case and the related adversary proceedings is detailed in the prior decision of the Court issued in the Chapter 7 case. *See In re Feldman*, No. 16-13432-JEB, 2026 WL 1008210 (Bankr. D. Mass. Apr. 13, 2026). The Court has included only the background relevant to this decision. The findings of fact are included in the analysis below.

Prior to the commencement of the Chapter 7 case, Newell transferred the Property to the Debtor and Feldman as joint tenants, while retaining a life estate for Newell. Pursuant to a deed recorded after the bankruptcy was filed, the Debtor and Feldman subsequently transferred their interests in the Property back to Newell for a nominal amount. On August 1, 2017, Newell transferred the Property to the Newell Trust for a nominal amount.

In a separate Adversary Proceeding, Case No. 17-01043 ("Adversary 17-01043"), the Trustee sought to avoid various transfers by the Debtor to Feldman and Newell, including the transfer of the Debtor's interest in the Property. After the transfer by Newell to the Newell Trust, the Trustee amended the complaint to recover the Property from the Newell Trust as an immediate transferee under Section 550 of the Code. The Trustee subsequently filed a motion for partial summary judgment, which sought judgment as a matter of law on certain claims regarding the Property. On December 31, 2019, the Court held that the Trustee was entitled to judgment as a matter of law on the counts seeking to avoid the Debtor's transfer of her interest in the Property

to Newell under Section 544(a)(3) of the Code and to recover the Property from the Newell Trust as immediate transferee under Section 550 of the Code.

In 2020, Newell passed away and the Debtor and Feldman, as personal representatives of the Estate of Roberta Newell ("Newell Estate") were substituted for her as defendant in Adversary 17-01043. On April 1, 2021, the Court entered a separate judgment ("Separate Judgment") (i) in favor of the Trustee and against the Newell Estate avoiding the transfer of the Debtor's interest in the Property to Newell under Section 544, (ii) in favor of the Trustee and against the Newell Trust to recover the Debtor's interest in the Property under Section 550, and (iii) ruling that the Property is owned by the Trustee and the Newell Trust equally as tenants in common. The Separate Judgment is now final; all appeals having been dismissed.

On April 2, 2021, the Trustee commenced this Adversary Proceeding seeking to sell the Property pursuant to Section 363(h). The Debtor and Feldman sought to appear pro se in this Adversary Proceeding, filing a purported answer and motions to intervene. The Court struck the answer, ruling that the Newell Trust could only appear through counsel. The Court also denied the motions to intervene. On June 15, 2021, the Trustee filed an Amended Complaint, which corrected a clerical error. After the Amended Complaint was filed, having retained counsel, the Newell Trust filed an answer. In response to the pretrial order of the Court, the parties filed a report requesting that discovery be stayed pending the consideration of motions for judgment on the pleadings. The Court granted the request and set a schedule for the parties to file any motions for judgment on the pleadings.

The Trustee filed the Motion arguing that the Trustee was entitled to judgment as a matter of law based on the facts admitted by the Newell Trust. The Trustee attached five exhibits to the Motion including (i) the motion to intervene in this Adversary Proceeding filed by the

Debtor and Feldman, (ii) a reply by the Debtor and Feldman with regard to the motion to intervene, (iii) an affidavit by the Debtor filed by the Newell Estate in Adversary 17-01043, (iv) the Joint Pretrial Memorandum filed in Adversary 17-01043 ("Joint Pretrial Memorandum"), signed by the Trustee, Feldman, and the Newell Trust; and (v) an Affidavit of the Trustee.

The Newell Trust filed the Cross-Motion, opposing judgment for the Trustee and seeking judgment as a matter of law in its favor. The Newell Trustee argued that the Trustee could not recover the interest in the Property transferred by the Debtor to Newell since it was not a fraudulent transfer and did not result in a loss to the estate. In addition, the Newell Trust asserted that the Trustee was barred under the doctrines of judicial estoppel and laches since he waited too long to bring the claim and should have brought the claim in Adversary 17-01043. In the alternative, the Newell Trust requested that this Adversary Proceeding be consolidated with Adversary 17-01043. The Newell Trust also requested a stay in this Adversary Proceeding pending the outcome of the appeals in the related cases. The Newell Trust did not challenge or dispute any of the exhibits attached to the Motion. Instead, the Newell Trust also filed exhibits to the Cross-Motion including (i) the initial and subsequent complaints and the related motions to amend in Adversary 17-01043, (ii) the deed to the Newell Trust, (iii) a transcript of a deposition of the Debtor in Adversary 17-01043, and (iv) the Amended Complaint filed by the Trustee in this Adversary Proceeding.

The Trustee filed an opposition to the Cross-Motion, arguing that the Newell Trust was trying to relitigate issues resolved adverse to the Newell Trust in the Separate Judgment. In addition, the Trustee denied that laches or judicial estoppel applied, arguing that the Trustee was not required to include the claims in Adversary 17-01043, and opposing any request for consolidation. Finally, the Trustee argued that the Newell Trust had failed to dispute any of the

allegations in the Motion or provide any undisputed facts that demonstrated that the Newell Trust was entitled to judgment as a matter of law. The Trustee did not dispute or challenge the Exhibits attached to the Cross-Motion.

The Court held a hearing on the Motion and the Cross-Motion. At the hearing, the Court heard further argument from the Trustee and the Newell Trust.

**STANDARD OF REVIEW**

Under Federal Rule 12(c), made applicable by Bankruptcy Rule 7012, after pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). In deciding a motion, the Court applies the same standard as evaluating a motion to dismiss for failure to state a claim. *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 49 n. 3 (1st Cir. 2009). The Court must consider all allegations in light most favorable to the nonmoving party. *Downing v. Globe Direct LLC*, 806 F.Supp.2d 461, 465 (D. Mass. 2011). The motion can be granted only if the admitted facts conclusively establish that the moving party is entitled to the relief sought. *Kando v. Rhode Island State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018)

In considering a motion under Rule 7012(c), with certain narrow exceptions, the Court is limited to the matters set forth in the pleadings. The Court may consider documents that are referenced in the pleadings or central to a claim or pleading. *See R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006). The Court may also consider documents where the authenticity is not disputed and the facts are susceptible to judicial notice. *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007). That includes earlier decisions in the public record. *Trustees of Bos. Univ. v. Kingbright Elec. Co., Ltd.*, 427 F. Supp. 3d 246, 249 (D. Mass. 2019). In addition, it includes statements in previous related proceedings by the nonmoving party. *Chalifoux v. Chalifoux*, 701 F. App'x 17, 19 (1st Cir. 2017).

Applying the foregoing principles, the Court has considered the Amended Complaint and the Answer. The Court has also considered the relevant pleadings in Adversary 17-01043, since they are matters of public record. This includes the Separate Judgment, the orders of the Court, the complaints and related motions in Adversary 17-01043 submitted by the Newell Trust, the related answers file by the Newell Trust in Adversary 17-01043, and the stipulated facts in the Joint Pretrial Memorandum, which was signed by the Newell Trust and the Trustee. The Court did not deem the deed attached to the Cross-Motion to be relevant, but notes that it is a matter of public record of which the Court could take judicial notice.

The Court has not considered the other exhibits submitted by the Trustee with the Motion. The documents submitted in this case by the Debtor and Feldman were filed on their own behalf and are not admissions of the Newell Trust. Nor has the Court considered the Debtor's Affidavit in Adversary 17-01043, which was submitted by the Newell Estate. The Court also declines to consider the Affidavit of the Trustee since it includes matters beyond the pleadings. Finally, the Court similarly declines to consider the deposition of the Debtor in Adversary 17-01043 submitted as an exhibit by the Newell Trust.

**APPLICABLE LAW**

Under Section 363(h) of the Code, a trustee may sell the interest of both a debtor and a co-owner in property provided certain conditions are met. The property must be owned by the debtor as a tenant in common, joint tenant, or tenant by the entirety. 11 U.S.C. §363(h). The trustee must demonstrate that: (i) partition of the property is impracticable, (ii) the sale of only the estate's interest subject to the co-owners' interests would realize significantly less for the estate; (iii) the benefit to the estate outweighs any detriment to the co-owners; and (iv) the property is not used in the production, transmission, or distribution of electricity or natural gas.

11 U.S.C. § 363(h). For purposes of Section 363(h), the detriment to the co-owners includes both economic harm as well as non-economic harm caused by the loss of a residence or the requirement to relocate. *In re Francis*, 597 B.R. 195, 201 (Bankr. D. Mass. 2019). The trustee has the burden of establishing all four elements under Section 363(h). *Id.*

**ANALYSIS**

The Trustee is entitled to judgment as a matter of law since he established the elements under Section 363(h). Pursuant to the Separate Judgment, the Trustee is a tenant in common with the Newell Trust. As more fully discussed below, the Trustee has established that (i) partition of the Property is impracticable since it is a residential condominium, (ii) a sale of only the estate's interest in the Property would generate significantly less that a sale free and clear of the interest of the co-owner, (iii) the benefit to the estate of the sale of the unencumbered Property worth $700,000 at the time of the initial transfer in 2016 outweighs any detriment to the Newell Trust; and (iv) as a residence and condominium, the Property is not used in the generation of electricity or gas. The Newell Trust has failed to demonstrate a basis for judgment in its favor, having failed to demonstrate grounds for its claims of laches or judicial estoppel.

**1. The Elements of Section 363(h) Have been Met**

The Trustee has met the first prong of Section 363(h) that partition of the Property is impracticable. The Court finds that the Property is a residential condominium that was used by Newell as her primary residence before her death. The Court finds that the Newell Trust has admitted the fact by its failure to deny the assertion in the Amended Complaint. In addition, the Newell Trust admitted the fact in the Joint Pretrial Memorandum and in its Answer to the Second Amended Complaint filed in Adversary 17-01043 on June 22, 2017 ("Adversary 17-01043 Answer").

In determining whether the facts are admitted, the Court considers not only the responses in the Answer, but also the prior judicial admissions of the Newell Trust in Adversary 17-01043. In the Answer, the Newell Trust chose to respond to certain allegations asserting that it neither admitted nor denied the allegation. Pursuant to Federal Rule 8(d), made applicable pursuant to Bankruptcy Rule 7008, an allegation is admitted if not denied. A response that neither admits nor denies an allegation is not sufficient to be a denial. *Mullinex v. John Crane Inc.*, No. 4:18-CV-33, 2022 WL 16814885, at *3 (E.D. Va. Nov. 8, 2022); 5 Fed. Prac. & Proc. Civ. § 1264 (4th ed.). By such responses, the Newell Trust is deemed to admit the allegations. In addition, the Court may consider a denial insufficient if contradicted by matters of public record or prior judicial admissions. 5 Fed. Prac. & Proc. Civ. § 1261 (4th ed.). Accordingly, the Newell Trust cannot deny matters that it has previously admitted in the Answer, the Joint Pretrial Memorandum, or the Adversary 17-01043 Answer.

In the Complaint, the Trustee alleged that the Property was a residential condominium and since it was not denied, it is deemed admitted. In addition, the Newell Trust expressly admitted the fact in the Joint Pretrial Memorandum and the Adversary 17-01043 Answer. It is generally accepted that partition of residential property is impracticable, other than the division of the proceeds following a sale of the property. *In re Addario*, 53 B.R. 335, 338 (Bankr. D. Mass. 1985). In addition, the Newell Trust admitted that partition of the Property was impracticable in the Adversary 17-01043 Answer. Accordingly, the Court finds that the partition of the Property, a residential condominium, is impracticable.

The Court finds the sale of the estate's undivided interest in the Property would realize significantly less for the estate than sale of the Property free of the interests of the co-owner. In the Joint Pretrial Memorandum, the Newell Trust admitted that a sale by the estate would

generate substantially less that a sale subject to co-owner Newell's interest. In addition, courts generally accept that this element is met "because of the chilling effect that the sale of the undivided interest usually has on prospective purchasers of the property." *In re Zeigler*, 320 B.R. 362, 383 (Bankr. N.D. Ill. 2005).

The Court finds that the benefit to the estate of a sale of both the interests of the estate and the Newell Trust in the Property outweighs any detriment to the Newell Trust. It is admitted that the Property is unencumbered and that the Property was worth at least $700,000 as of the time of the original transfer. As a fifty percent owner, the sale will generate substantial funds for the estate. In contrast, there is no detriment to the Newell Trust. Since the Newell Trust is not a living person, there is no issue of displacement or non-economic loss. In addition, there is no economic harm. The Newell Trust has admitted that the sale by one co-owner will generate substantially less for another co-owner. Consequently, the Newell Trust would get substantially less value if required to sell the Property subject to the Trustee's interest.

Finally, the Court finds that the Property is not used for transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. Since the Property is admittedly a residential condominium, it cannot be used for the production of electricity or gas. In addition, the Newell Trust admitted that the Property was not used for electric energy or gas in the Adversary 17-01043 Answer.

**2. The Newell Trust is Bound by the Separate Judgment**

The Newell Trust is bound by the Separate Judgment, which found that the transfer was avoided and the Trustee was entitled to recover the Property. As a result, the attempt by the Newell Trust to circumvent the Separate Judgment by arguing about the Trustee's ability to recover the Property is barred. Although claiming to accept that the transfer was avoided, the

Newell Trust attempts to argue that the Trustee cannot recover from the Newell Trust. But that argument ignores the express ruling in the Separate Judgment that enabled the Trustee to recover the Property and awarded the Trustee ownership of the Property as co-tenant with the Newell Trust. Similarly, the Newell Trust ignores both the ruling and the findings in the Separate Judgment when it claims the Trustee cannot recover because there was no loss to the estate. Contrary to the argument of the Newell Trust, the transfer was not avoided as a fraudulent conveyance for lack of consideration to the estate. Instead, the Court found that the transfer was avoided pursuant to Section 544. Under Section 544(a), the Trustee steps into the shoes of a bona fide purchaser for value as of the filing date. Since the transfer was not of record as of the filing date, the transfer of property was not effective as against a bona fide purchaser for value. In addition, however, the Separate Judgment also expressly held that the Trustee was entitled to recover the Property. Accordingly, the Newell Trust cannot attempt to belatedly raise defenses to that claim under Section 550 of the Code.

**3. Neither Laches Nor Judicial Estoppel Apply**

The judgment is not barred by laches or judicial estoppel as asserted by the Newell Trust. The Newell Trust argues that under the doctrine of laches, the Trustee is barred from recovering because he failed to include this claim in Adversary 17-01043 even though he knew about the transfer to the Newell Trust. Although the Newell Trust argues that the delay of four years was unfair and prejudicial, the Newell Trust fails to demonstrate the elements of laches. First, any claims by the Trustee under Section 363(h) were premature until the Trustee was able to recover the Property. The Debtor and the Newell Trust vigorously disputed the Trustee's ability to avoid the transfer and recover the Property. Until the entry of the Separate Judgment on April 1, 2021, the Trustee did not have an interest in the Property. The Trustee immediately pursued this

Adversary Proceeding once the estate obtained an interest in the Property. There was no unreasonable delay and no prejudice to the Newell Trust.

The Newell Trust also fails to establish that judicial estoppel applies to preclude this Adversary Proceeding. The Newell Trust argues that because Adversary 17-01043 included a count under Section 363(h) against Newell, the Trustee is judicially estopped from bringing a separate action against the Newell Trust on the same basis. Again, the Newell Trust fails to meet the requirements for judicial estoppel. Judicial estoppel is usually applied "to prevent a litigant from pressing a claim that is *inconsistent* with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." *Guay v. Burack*, 677 F.3d 10, 16 (1st Cir. 2012) (emphasis added). The two conditions that must be met to trigger judicial estoppel are that (1) the claim seeking to be estopped and the prior claim must be "directly inconsistent, that is, mutually exclusive" and (2) the non-moving party must have successfully convinced a court to accept its prior position. *Id.* But neither of the conditions are met in this case. First, the Trustee's position in this case and in Adversary 17-01043 are not inconsistent. In both cases, the Trustee seeks to sell the Property free and clear of a co-owner, once he recovers the Property. Second, the prior claim was never decided and therefore the Court was never required to accept the Trustee's position. Although the Trustee could have brought the claim in Adversary 17-01043, he was not required to do so.

**4. The Remaining Issues of the Newell Trust Have No Merit**

Consolidation of this Adversary and Adversary 17-01043 is neither warranted nor appropriate. The issues regarding the transfer and recovery of the Property have been determined by the Separate Judgment, which is final and binding on the Newell Trust. As the Court noted in its opinion granting the motion for partial judgment in Adversary 17-01043, the remaining

counts related to the Property are effectively moot since the Trustee is only entitled to one recovery. *In re Feldman*, No. 16-13432-MSH, 2021 WL 1554243 (Bankr. D. Mass. Apr. 1, 2021).

The remaining issues in Adversary 17-01043 deal with the other property and transfers by the Debtor. In contrast, this action is limited to the issue of the sale of the Property. The Newell Trust has offered no basis for consolidation.

Nor is there any basis to stay this action as a result of any other actions in the Chapter 7 case or the other adversary proceedings. The Newell Trust made no showing of meeting the standard for a stay of the action, simply arguing there were appeals pending. And as discussed earlier, the Separate Judgment is now final, all appeals having been dismissed.

**CONCLUSION**

For the foregoing reasons, the Court finds that the Trustee has met his burden and is entitled to judgment as a matter of law pursuant to Section 363(h) of the Code authorizing him to sell the interests of both the estate and the Newell Trust in the Property under Section 363(b) of the Code. By separate order, the Court will grant the Motion and deny the Cross-Motion. The Court will enter a judgment consistent with these rulings.

Dated: September 29, 2026

By the Court,

Janet E. Bostwick

Janet E. Bostwick
United States Bankruptcy Judge